IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01207-RPM-BNB

GORDON HOWARD,

Plaintiff,

v.

STELLAR RECOVERY, INC., a Florida corporation,

Defendant.

_____

**ORDER**
_____

This matter arises on **Defendant's Motion to Maintain Confidential Designation of Information and Documents Pursuant to the Protective Order** [Doc. # 49, filed 1/28/2013] (the "Motion for Protective Order").

This case involves claims under the Fair Debt Collection Practices Act. At the parties' request, I entered a blanket protective order to facilitate the conduct of discovery. Protective Order [Doc. # 14]. The blanket Protective Order allows a party to designate as confidential information and materials disclosed to the other party during the discovery process. Information designated as confidential is subject to the following restrictions:

> 3. The confidential information discussed in ¶1 above, and all tangible embodiments thereof, all copies thereof, and substance thereof, and all information contained therein (hereinafter collectively referred to as "Confidential Material"):
>
> (a) shall not be disclosed or distributed by counsel, or any other person receiving, viewing or hearing the Confidential Material ("Receiving Person") to any person other than to (1) counsel for either party as identified in ¶8 below, (2) insurance carriers for either party, (3) partners, employees and agents of counsel for

> either party, (4) any consulting or testifying experts hired by counsel for either party, who are assisting counsel in preparation of this action for trial (subject to ¶3(c) below), (5) the Court and its employees, and (6) Plaintiff ("Plaintiff") and Defendant (the "Defendant"), its officers, directors and employees;
>
> (b) shall be filed with the Court, should filing be desired or required, in accordance with D.C.COLO.LCivR 7.2; and,
>
> (c) shall not be disclosed to any consulting or testifying expert unless the party making the disclosure follows the provisions of ¶5 of this Protective Order [requiring the execution of declaration by the expert agreeing to maintain the confidentiality of the information].

Protective Order [Doc. # 14] at ¶3.

The blanket Protective Order contains a mechanism by which a party may challenge the designation of information as confidential, as follows:

> A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party designating the information as CONFIDENTIAL shall have the obligation to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

Id. at ¶9.

The plaintiff claims that virtually all documents produced in this case initially were designated as confidential. Apparently any dispute concerning over-designation has been resolved with the exception of the documents at issue here.

The Motion for Protective Order [Doc. # 49] is conclusory. In general, the defendant argues that the debt collection business is "extremely competitive," id. at p.3; the defendant "has a reasonable expectation of privacy with respect to their [sic] policies and procedures and the training given to its employees," id. at pp. 3-4; the defendant "has incurred substantial time and resources developing these policies and procedures over years," id. at p. 4; the information marked as confidential "may arguably constitute trade secret information," id.; and "it is not inconceivable that dissemination" of the defendant's insurance policies "may be detrimental to the insurance carrier's business." Id. The affidavit of Bob B. Peterson, executive vice-president of the defendant, offered during argument on the Motion for Protective Order, generally recites the same arguments with no greater factual specificity.

Rule 26(c)(1), Fed. R. Civ. P., provides that a party may obtain a protective order on a showing of good cause to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and to protect "a trade secret or other confidential research, development, or commercial information." Conclusory assertions are insufficient to show good cause. "Instead, the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury to the party seeking protection." Exum v. United States Olympic Committee, 209 F.R.D. 201, 206 (D. Colo. 2002)(internal citations omitted). "In the absence of a showing of good cause for confidentiality, the parties are free to disseminate discovery materials to the public." Id.

The defendant does not claim that disclosure of the information designated as confidential would result in annoyance, embarrassment, oppression, or undue burden or expense. It argues that the information is confidential because it contains trade secrets and other business information the disclosure of which would result in competitive disadvantage. In order to establish the existence of a trade secret or other confidential information entitled to protection, the movant must show:

> (1) the extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business, i.e., by the employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against its competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information.

Hertz v. Luzenac Group, 576 F.3d 1103, 1108 (10th Cir. 2009).

At issue here are the following:[1]

**Document 00004 through 00046**. This document is captioned "Fair Debt Collection Practices Act (FDCPA) Study Guide." It appears to summarize the defendant's interpretation of the requirements of the FDCPA; provide tips on collecting Comcast debts; contain an index of the codes used in connection with the defendant's collection notes; and contain a copy of the defendant's employee handbook. Defense counsel asserted at argument that employees are required to sign for receipt of these materials and return them to the defendant when they leave the defendant's employment. However, the employees do not sign confidentiality agreements

---

[1] The defendant tendered copies of the disputed documents for in camera review, and I have completed my review of those documents.

requiring them to maintain the information as confidential.

**Document 00053 through 54 and 79 through143**.  This document is captioned "Stellar Recovery, Inc., Blue Book."  It includes  the defendant's Settlement Process Steps; PPA Sweep Guidelines; Western Union contact information, including the defendant's account number (Bates No. 00086); blank forms including (a) Media/Title Request, (b) Legal Referral Coversheet, (c) Involuntary Repo, (d) Receipt for Cash Payment, and (e) Refund Request; form collection letters; area code/time zone chart; employee action plan form; collection scripts; a list of potential money sources available to a debtor; possible means for a debtor to transmit payments; Call Monitoring Scorecard; collection note codes; and tips for success.  The materials include the acknowledgment form signed by employees when they receive the Blue Book, which does not include a confidentiality provision and provides merely:

> I hereby acknowledge that I have received and read my copy of the Stellar Recovery Inc Blue Book.  In consideration of my employment, I agree to conform to and comply with the policies, procedures, and statements of Stellar Recovery, Inc.  I understand the policies and procedures described herein may be modified by Stellar Recovery, Inc. at any time.

**Document 00181**.  This document is a screen shot of the defendant's computerized Account Work Form.

**Document 00298**.  This is a collection form letter.

On review, and with the exception of  the defendant's Western Union contact information, including its account number (Bates No. 00086), the information is not a trade secret, competitively sensitive, nor would its disclosure put the defendant at a competitive disadvantage.  Most of the information is well known generally, and certainly well known within the debt collection industry.  For example, collection form letters are sent by the thousands to

members of the public, and there is nothing confidential about them. The same is true with respect to the collection scripts. There is nothing confidential about an area code/time zone chart, blank forms, the screen shot of the defendant's computerized Account Work Form, or the index of codes used in the defendant's collection notes . The defendant employs minimal, if any, precautions to prevent the disclosure of this information. The defendant has failed to identify specifically the documents that it claims required "substantial time and resources" to develop "over years," and that assertion is belied by the contents of the documents provided for review.

By contrast, the Western Union contact information, which includes the defendant's account number (Bates No. 00086), is entitled to protection from public disclosure in view of the potential for misuse and misappropriation of funds.

IT IS ORDERED that the Motion for Protective Order is GRANTED IN PART and DENIED IN PART as follows:

•GRANTED to maintain the confidential designation of the document containing the defendant's Western Union contact information, including its account number (Bates No. 00086); and

•DENIED in all other respects.

Dated February 19, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge