IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01207-RPM-BNB

GORDON HOWARD,

Plaintiff,

v.

STELLAR RECOVERY, INC., a Florida corporation,

Defendant.
_____

## ORDER
_____

This matter arises on the plaintiff's **Emergency Motion for a Court Order That the Defendant Designate and Present at the Deposition on September 26, 2013 in Kalispell, Montana, Individual(s) to Testify Regarding the Topics Listed in the Plaintiff's Notice of Deposition of the Defendant's Representative(s) Pursuant to Fed. R. Civ. P. 30(b)(6)** [Doc. # 60, filed 9/20/2013] (the "Emergency Motion").  The matter is sufficiently briefed.  Argument would not assist my determination.

I conducted a final pretrial conference in this case and entered a final pretrial order on January 17, 2013.  Subsequently, the district judge allowed the plaintiff to file a supplemental complaint concerning allegations, largely undisputed, that the defendant had submitted this account to credit reporting bureaus in September 2012 (after the case was filed) without marking the account as disputed.  The district judge required the defendant to make disclosures concerning the facts surrounding the September 2012 disclosure to credit reporting bureaus and allowed the plaintiff to take a Rule 30(b)(6) deposition of the defendant "for the purpose of

pursuing post-filing allegations; that is to say, the conduct of the defendant after the filing of this complaint." Transcript of Proceedings [Doc. # 62-1] at p. 11 lines 1-3. The district judge explained further that "[w]e're not opening up full discovery," id. at p. 28 lines 20-21, and agreed that the Rule 30(b)(6) deposition was limited to what was reported to the credit reporting bureaus, when it was reported, to what bureaus, "who and what process was followed and why there's a bona fide error to these new allegations," Id. at p. 13 lines 5-9.

The plaintiff submitted a Rule 30(b)(6) deposition notice composed of 49 matters for examination. Notice of Deposition [Doc. # 60-4]. The defendant has objected to many of the identified matters. Designations and Objections [Doc. # 60-5].

After review, I find that the following disputed matters for examination are within the limitations established by the district judge, and inquiry is allowed: 13, 16, 17, 19, 20, 21, 22, 25, 26, 27, 32, 33, 34, 35, and 39. The remaining disputed matters for examination are beyond the limited discovery allowed by the district judge, and inquiry is not allowed.

IT IS ORDERED that the Emergency Motion [Doc. # 60] is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED with respect to matters for examination 13, 16, 17, 19, 20, 21, 22, 25, 26, 27, 32, 33, 34, 35, and 39; and

• DENIED in all other respects.

Dated September 24, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge